**IN THE UNITED STATES BANKRUPTCY COURT      [N]**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **IN RE:** | : | |
| | : | |
| **CHARLES H. WELCH and** | : | **Bankruptcy No. 06-26243-MBM** |
| **JOYCE WELCH,** | : | |
| | : | **Chapter 7** |
| Debtors. | : | |
| | : | **Related to Doc. No. 16** |

## MEMORANDUM

**AND NOW,** this **14th day** of **June, 2007**, upon consideration of the Motion to Reopen Chapter 7 Bankruptcy (hereafter "the Motion to Reopen"), which motion was filed by Charles and Joyce Welch, the instant debtors (hereafter "the Debtors"), after the above-captioned bankruptcy case was closed without the entry of their Chapter 7 discharge;

and because the Debtors' bankruptcy case was closed without entry of their Chapter 7 discharge because the Debtors failed to file, by February 26, 2007, the requisite certification that they had completed a post-petition instructional course in personal financial management (hereafter "the Certification");

and since the Debtors now seek to have their bankruptcy case reopened so that they may receive their Chapter 7 discharge, it being the position of the Debtors that, even though they filed such certification untimely, they were nevertheless excused, pursuant to 11 U.S.C. § 109(h)(4), from even having to take such instructional course on the ground that they were (and are) disabled;

and after notice and a hearing on the matter held on June 5, 2007;

it is **hereby determined that the Court shall issue an order to the effect that the Motion to Reopen is DENIED WITH PREJUDICE**, that is the Debtors may not reopen the above-captioned bankruptcy case so as to receive a discharge via such case; the instant decision is without prejudice to the Debtors' filing of a brand new bankruptcy petition.  The rationale for the Court's decision is briefly set forth below.

The Court denies the Debtors' Motion to Reopen because the Court determines that such reopening would be futile, which latter conclusion the Court arrives at because, the Court concludes in turn, the Debtors were not excused on the ground of a disability, pursuant to 11 U.S.C. § 109(h)(4), from having to take a post-petition instructional course in personal financial management.  The Court concludes that the Debtors were not so excused (a) because, even presuming *arguendo* that they were (and are) disabled, a disability, pursuant to § 109(h)(4), operates to exempt an individual from the aforesaid course requirement only if such disability prevents such individual from attending such course, and (b) since – and even as the Debtors concede – any disability that they might have suffered from was not the cause for their failure to timely file the Certification by February 26, 2007, let alone their failure to even attend the requisite course by such date. The Court must conclude that any disability of the Debtors did not prevent them from timely attending the requisite personal financial management course because (a) the Debtors, in fact, successfully attended such course only three (3)

2

days subsequent to February 26, 2007 (i.e., on March 1, 2007), which fact

evidences that they were physically able to attend such course prior to February

26, 2007, and (b) the Debtors admit, in their Motion to Reopen, that their failure

to timely attend such course was only due to the fact that (i) they insisted upon

attending a personal financial management course at one particular location, (ii)

the only date prior to February 26, 2007, when such course was to be held at

such location was February 1, 2007, (iii) they waited to register for such class

until at some point after January 24, 2007, which date is the date upon which

registration for such class closed because it had filled to capacity, and (iv) they

thus did not attend such course at such location prior to February 26, 2007.

The Court holds that a reopening of the Debtors' bankruptcy case would

also be futile because, the Court holds in turn, it may not extend any relief to the

Debtors via Bankruptcy Rule 9006(b)(1) (i.e., Fed.R.Bankr.P. 9006(b)(1)).  The

Court so holds because (a) the Debtors timely failed to request from the Court an

extension of the February 26, 2007 deadline, despite the fact that the debtors

knew for at least four weeks prior to such date that they would not attend a

personal financial management course by such date, and (b) the Debtors' failure

to timely attend such course and to timely file the Certification is not, the Court

holds, the result of excusable neglect – the Court holds, instead, that such failure

is only the result of inexcusable neglect.  The Court holds that such failure is the

result of inexcusable neglect because (a) the Debtors were free to register for a

personal financial management course at any time after they filed their

bankruptcy petition, that is at any point after December 8, 2006, yet they waited

3

for nearly a month and a half before they undertook such registration, and (b) the Debtors, as set forth above, had at least four weeks where they could have timely sought an extension from the Court of the February 26, 2007 deadline, yet they failed to timely seek such extension.[1]

For all of the foregoing reasons, the Court shall enter an appropriate order that denies with prejudice the Motion to Reopen.

**BY THE COURT**

 **/s/**

**M. BRUCE McCULLOUGH,**
**U.S. Bankruptcy Judge**

---

[1]As set forth above, the Court's decision to deny the Debtor's Motion to Reopen is without prejudice to the Debtors' filing of a brand new bankruptcy petition.  The Court notes that the cost to file a new bankruptcy petition is $299, which fee is only $39 greater than the fee for the Debtors to file their Motion to Reopen; because the Debtors failed to pay such latter fee, notwithstanding that they were instructed to pay such fee on March 22, 2007, they will not be prejudiced that much in terms of how much they ultimately pay to the Court to obtain their Chapter 7 discharge.

### IN THE UNITED STATES BANKRUPTCY COURT    [N]
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE:                                          :
                                                :
**CHARLES H. WELCH and**                        :    **Bankruptcy No. 06-26243-MBM**
**JOYCE WELCH,**                                :
                                                :    **Chapter 7**
          Debtors.                :
                                                :    **Related to Doc. No. 16**

### <u>ORDER OF COURT</u>

     **AND NOW,** this **14th day** of **June, 2007**, for the reasons set forth in the accompanying Memorandum of the same date, it is **hereby ORDERED, ADJUDGED, AND DECREED** that the Motion to Reopen Chapter 7 Bankruptcy, which motion was filed by Charles and Joyce Welch, the instant debtors (hereafter "the Debtors"), after the above-captioned bankruptcy case was closed without the entry of their Chapter 7 discharge, is **DENIED WITH PREJUDICE**. Although the Debtors may not reopen the above-captioned bankruptcy case so as to receive a discharge via such case, the instant decision is without prejudice to the Debtors' filing of a brand new bankruptcy petition.

                              **BY THE COURT**


                              **/s/**_____
                              **M. BRUCE McCULLOUGH,**
                              **U.S. Bankruptcy Judge**